UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-80583-ROSENBERG/REINHART

EPSON AMERICA, INC.,

        Plaintiff,

vs.

SAFE SPACE SCAN TECHNOLOGY LLC
d/b/a AWOL VISION,

        Defendant.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [ECF No. 33]

Plaintiff, Epson America, Inc. ("Epson") markets and sells multimedia projectors. ECF No. 1 ¶18. Defendant, Safe Space Scan Technology LLC, ("AWOL") also markets and sells home entertainment technology products, including multimedia projectors. *Id.* ¶21. Epson initiated this action with two claims of false advertising and unfair competition. *Id.* at pp. 15–17. One count is under the Lanham Act and the other under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Id.* In its Complaint, Epson says AWOL "intentionally misrepresented the brightness of two of AWOL's projectors, to the detriment of Epson, customers, and the industry in general." *Id.* In support, Epson pleads the following relevant facts;

    (1) [AWOL] is a direct competitor of Epson in the portable consumer projector market.
    (2) [AWOL] sells [] projectors [] via its own website, its brick-and-mortar retail location, and various online commerce sites [].

(3) [AWOL] sells projectors under various models including [] the AWOL 4k #D Tripple Laser Projector LTV-2500 and the AWOL 4k 3D Triple Laser Projector LTV-3000.

(4) [AWOL] advertises the brightness values for its LTV-2500 to be at 2600 Peak Lumens for the LTV-2500 and 3000 Lumens for the LTV-3000 projector models.



(5) In order to gain initial traction in the United States projector marketplace, AWOL is purposefully and deceptively inflating the brightness specification of its projectors.

(6) Epson tested [both projectors'] brightness levels [and] each projector tested significantly below its advertised brightness value.

(7) [AWOL]'s purposeful inflation of the brightness specification of its projectors has caused significant confusion in the marketplace.

(8) As a result, purchasers of any of AWOL's projectors are likely to be, and have actually been, misled and deceived by AWOL's literally false product labeling, descriptions, and advertisements.

(9) Epson is informed and believes that AWOL's wrongful conduct has resulted in increased sales and market share of AWOL's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

(10) [] [A]fter having a poor experience with AWOL's projector with an improperly inflated lumen value of '3000 lumen,' the consuming public is less likely to purchase a projector with a lumen rating of 3000 lumens as consumers will be unaware that AWOL's '3000

>           lumen' projector is not representative of the performance of a true
>           3000 lumen projector. This causes irreparable harm to Epson as well
>           as to the entire portable projector marketplace.

*Id.* ¶¶21–41.

AWOL moves to dismiss Epson's claims with prejudice, for failure to state a claim and failure to meet the heightened pleading requirement under Federal Rule of Civil Procedure 9. ECF No. 33. I have reviewed the Complaint, the Motion, the Response, and the Reply. ECF Nos. 1, 33, 44, 47. For the reasons stated below, I **RECOMMEND** Defendant's Motion to Dismiss be **GRANTED** without prejudice.

## I. LEGAL PRINCIPLES

### A. *Motion to Dismiss*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most

favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.,* 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.,* 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.,* 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made

upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the Twombly standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.,* No. 20-cv-24979, 2022 WL 3027906, at *6 (S.D. Fla. Aug. 1, 2022). The Court also may consider other documents whose authenticity is undisputed, and which are central to the claims in this matter. *Day v. Taylor,* 400 F. 3d 1272, 1276 (11th Cir. 2005).

    B.    *Federal Rule of Civil Procedure 9(b)*

In addition to the usual notice pleading standard under Rule 8, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud state "with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). Courts in this district routinely apply Rule 9(b) to claims alleging fraud, as well as to claims not requiring proof of fraud, but nonetheless supported by facts alleging fraud. *See Medmiport S.R.L. v. Cabreja,* 929 F. Supp. 2d 1302, 1318 (S.D. Fla. 2013) ("Where a complaint contains averments of fraud or mistake ... [Rule 9(b)] imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity."); *see also Llado-Carreno v. Guidant Corp.,* No. 09-cv-20971, 2011 WL 705403, at *5 (S.D. Fla. 2011) (explaining that "[w]here, as here, the averments in the complaint necessarily describe fraudulent conduct, Rule 9(b) applies to those averments"). "[A] court considering a motion to dismiss for failure to plead fraud with

5

particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Simpson v. FVM Laboratories, Inc.,* No. 09-cv-61771, 2010 WL 1257714, at *4 (S.D. Fla. 2010).

A claim satisfies Rule 9(b)'s heightened pleading requirement if it alleges: "(1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud." *Noveshen v. Bridgewater Assocs., LP,* 47 F. Supp. 3d 1367, 1374 (S.D. Fla. 2014); *see also Cabreja,* 929 F. Supp. 2d at 1318 ("This particularity requirement is satisfied if the complaint alleges facts as to time, place, and substance of the defendants' alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them"). "These factors are not exclusive, however, and a plaintiff may satisfy Rule 9(b)'s particularity requirements through alternative means." *Kuehne v. FSM Capital Mgmt, LLC,* No. 12-cv-80880, 2013 WL 1814903, at *3 (S.D. Fla. Apr. 29, 2013) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997)). "Notably, Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind when the allegedly fraudulent statements were made." *Mizzaro v. Home Depot,* 544 F.3d 1230, 1237 (11th Cir. 2008). "Instead, as Rule 9(b) itself states, '[m]alice, intent, knowledge, and other conditions of the mind may be alleged generally.' " *Id.* (quoting Fed. R. Civ. P. 9(b)).

6

*C. The Lanham Act and FDUPTA*

A FDUPTA claim rises or falls on the success of its correlating Lanham Act claim. *See Natural Answers v. Smithkline Beecham Corp.,* 529 F.3d 1325, 1333 (11th Cir. 2008). The purpose of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2) (2006). To bring a claim under this Act, the plaintiff must have been aggrieved by the alleged unfair and deceptive act. *Natural Answers,* 529 F.3d at 1333.

"To [state] on a false advertising claim under § 43(a)(1)(B) of the Lanham Act, a plaintiff must allege that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been—or is likely to be—injured as a result of the false advertising." *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004).

Under FDUPTA,

> To state a claim for injunctive and declaratory relief, Plaintiff must allege that Defendants engaged in a deceptive act or practice in trade and that Plaintiff is a person "aggrieved" by the deceptive act or practice. A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

*Kertesz v. Net Transactions, Ltd.,* 635 F.Supp.2d 1339, 1348 (S.D.Fla.2009).

## II.   DISCUSSION

*A. Rule 9(b) applies to Epson's claims.*

AWOL argues that Rule 9(b) applies to Epson's claims and that the factual allegations pled in the Complaint fail to meet Rule 9's heightened pleading standard. I recognize that the Eleventh Circuit has not determined whether Rule 9(b) applies to Lanham Act claims based on fraud. *Nutraceuticals Grp, Inc. v. BPI Sports LLC,* No. 15-cv-80352, 2016 WL 4254257, at *2 (S.D. Fla. Feb. 2, 2016) (Recognizing the Eleventh Circuit's silence on this issue, the District Court in *Nutraceuticals Group* declined to apply Rule 9(b) to the Lanham Act claim "[a]bsent instruction from this Court's governing Circuit or, at a minimum, persuasive guidance from its sister districts.") I believe that it does. *Wyndham Vacation Ownership, Inc. v. US Consumer Attorneys, P.A.,* 18-cv-81251, 2019 WL 7837887 (S.D. Fla. July 3, 2019). The Federal Rules of Civil Procedure apply to "*all* civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). Rule 81 makes no exception for the Lanham Act, nor does the text of Rule 9(b). Rule 9(b) applies to allegations of "fraud or mistake." Fed. R. Civ. P. 9(b). Where the text unambiguously resolves the question, the Court should look no further. *See, e.g., Reeves v. Astrue,* 526 F.3d 732, 734 (11th Cir. 2008). Accordingly, the Lanham Act claims are not exempt from Rule 9(b)'s heightened pleading standard. *See, e.g., Pestube Sys., Inc. v. HomeTeam Pest Def., LLC.,* No. 05-cv-2832-PHX-MHM, 2006 WL 1441014, at *5 (D. Ariz. May 24, 2006); *Volunteer Firemen's Ins. Servs. v. McNeil & Co.,* 221 F.R.D. 388, 393-94 (W.D.N.Y. 2004).

The next inquiry is whether the factual allegations in the Complaint allege fraud or mistake, thereby implicating Rule 9(b).  To allege a claim for common law fraud, a party must set forth the following: (1) the defendant made a false statement or omission of material fact; (2) the defendant knew the statement was false; (3) the statement was made for the purpose of inducing plaintiff to rely on it; (4) plaintiff's reliance was reasonable; and (5) plaintiff suffered damages. *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir.1999); *see also Brough v. Imperial Sterling Ltd.,* 297 F.3d 1172 (11th Cir.2002).

Here, Epson claims that AWOL intentionally misrepresented brightness levels of two of its projectors to the detriment of Epson, customers, and the industry in general. Those claims are classic allegations of fraud. So, Rule 9(b) applies to Count One.

Rule 9(b) also applies to Epson's FDUTPA claim, which alleges a violation based on AWOL's "intent to deceive and defraud the purchasing public…" *Ibrizzi v. Ocwen Loan Servicing, LLC,* 120 F. Supp. 3d 1368, 1381 (S.D. Fla. 2015) (dismissing deception based FDUTPA claim because it did not satisfy Rule 9(b)).

  B. *Epson's false advertising and unfair competition claims under the Lanham Act and FDUTPA should be dismissed without prejudice.*

AWOL argues that the Complaint pleads conclusory allegations and therefore fails to plausibly allege false advertising claims under Rule 8 and fails to meet the heightened pleading requirements under Rule 9.  ECF No. 33. I agree. The Complaint fails to plausibly allege that (1) AWOL's advertisements were false or misleading; (2)

9

the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) that Epson has been—or is likely to be—injured as a result of the false advertising. *Hickson Corp.*, 357 F.3d at 1260.

Even viewed in the light most favorable to Epson, the facts in the Complaint are not sufficient to plausibly allege false advertisement or unfair competition. Many do not rise above the level of "labels and conclusions" or a formulaic recitation of the elements of a cause of action. Others are naked assertions devoid of further factual enhancement, which are not entitled the assumption of truth. *Twombly*, 550 U.S. at 555. For example, Epson says AWOL is "purposefully and deceptively inflating the brightness specification of its projectors … in order to gain initial traction in the United States projector marketplace [and that AWOL]'s purposeful inflation of the brightness specification of its projectors has caused significant confusion in the marketplace." ECF No. 1 ¶¶33, 35. But the Complaint fails to plausibly allege *how*. Epson says it tested the brightness of several of Defendant's LTV-2500 and LTV-3000 "[and] each projector tested significantly below its advertised brightness value." *Id.* ¶34. But the Complaint fails to plausibly allege with particularity *what* tests Epson conducted, *what* the brightness values results were let alone *what* way the results were significantly lower.

Epson concludes "purchasers of any of AWOL's projectors are likely to be, and have actually been, mislead and deceived by AWOL's literally false labeling,

10

descriptions and advertisements." *Id.* ¶36. Epson includes one screenshot of one Amazon.com review on the LTV-2500. *Id.* The review says, "something is off about the brightness." *Id.* But Epson fails to sufficiently point to facts whether the alleged deception had a material effect on that consumer's purchasing decision. *Hickson Corp.*, 357 F.3d at 1260.

Said another way, the Complaint does not sufficiently put AWOL on notice of the "precise misconduct with which [it] is charged." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (The "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'") Therefore, Epson's claim under the Lanham Act should be dismissed.

Epson's claim under the Lanham Act fails and therefore so does its claim under the FDUPTA. *Natural Answers*, 529 F.3d at 133 (To bring a claim under [FDUPTA], the plaintiff must have been aggrieved by the alleged unfair and deceptive act).

III. CONCLUSION

For these reasons, AWOL's Motion to Dismiss should be granted. But, the dismissal should be without prejudice because I cannot say that it would be futile for Epson to supplement the factual basis for its claims and "where a more carefully drafted compliant might state a claim, a plaintiff must be given at least one chance to amend." *Bryant v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001).

11

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of September 2024.

*[signature]*

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE