**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

EPSON AMERICA, INC.,

      Plaintiff,

v.                                                                  Case No. 9:24-cv-80583-RLR

SAFE SPACE SCAN TECHNOLOGY LLC
d/b/a AWOL VISION

      Defendant.

_____

**PLAINTIFF'S OBJECTIONS TO THE REPORT**
**AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................................... 1

LEGAL STANDARD ................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

A.    Epson's Lanham Act claim is not subject to a heightened pleading standard. ................... 3

B.    Epson's Lanham Act and FDUTPA claims are well pled under any standard. .................. 4

C.    This Court should, as several others have when considering nearly identical allegations, find that Epson has stated a viable claim. .......................................................... 8

CONCLUSION ............................................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*,
  No. 20-24681, 2021 WL 3552175 (S.D. Fla. Aug. 11, 2021) (Scola, J.) .............................3, 9

*de Cortes v. Brickell Inv. Realty, LLC*,
  546 F. Supp. 3d 1332 (S.D. Fla. July 1, 2021) (Altonaga, J.)..............................................3, 8

*Epson Am., Inc. v. AuKing*,
  No. 1:23-113670, 2023 WL 11700166 (D. Mass. Jan. 3, 2024)...............................................9

*Epson Am., Inc. v. Shenzhen Rongchuang Youpin Elec. Com. Co., Ltd.*,
  1:24-cv-10563 (D. Mass. June 28, 2024)...................................................................................9

*Epson Am., Inc. v. Sunvalleytek Int'l, Inc.*,
  No. 8:23-cv-00735, 2024 WL 2104600 (C.D. Cal. Apr. 22, 2024).......................................8, 9

*Epson Am., Inc. v. USA111, Inc.*,
  259 F. Supp. 3d 387 (D.S.C. 2017)...........................................................................................9

*Epson Am., Inc. v. Yowhick*,
  No. 1:23cv11395 (D. Mass. April 25, 2024) ............................................................................9

*Grossman v. Nationsbank, N.A.*,
  225 F.3d 1228 (11th Cir. 2000) ................................................................................................2

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
  910 F.3d 1186 (11th Cir. 2018) ................................................................................................5

*Humana Pharmacy Sols., Inc., v. Michelin*,
  No. 20-81361, Dkt. No. 105 (S.D. Fla. June 15, 2021) (Cannon, J.)........................................8

*Incarcerated Ent., LLC v. Warner Bros. Pictures*,
  261 F. Supp. 3d 1220 (M.D. Fla. 2017)....................................................................................3

*Itamar Med., Ltd. v. Ectosense NV*,
  No. 20-60719, 2021 WL 12095119 (S.D. Fla. Dec. 29, 2021) (Dimitrouleas, J.)....................2

*Jeffrey S. v. State Bd. of Educ.*,
  896 F.2d 507 (11th Cir. 1990) ..................................................................................................2

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*,
  299 F.3d 1242 (11th Cir. 2002) ................................................................................................6

*N. Am. Med. Corp. v. Axiom Worldwide, Inc.*,
    522 F.3d 1211 (11th Cir. 2008) ...............................................................................5

*Nat. Answers v. Smithkline Beecham*,
    529 F.3d 1325 (11th Cir. 2008) .............................................................................10

*Thermolife Int'l LLC v. Vital Pharm. Inc.*,
    No. 19-cv-61380, 2019 WL 4954622 (S.D. Fla. Oct. 8, 2019) (Bloom, J.) ..............................3

*TocMail Inc. v. Microsoft Corp.*,
    No. 20-60416, 2020 WL 9210739 (S.D. Fla. Nov. 6, 2020) (Smith, J.)....................................3

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*,
    No. 15-CIV-80352, 2016 WL 4254257 (S.D. Fla. Feb. 16, 2016) (Bloom, J.)...............3, 4, 10

**Statutes**

28 U.S.C. § 636(b)(1)(C) ...................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8..............................................................................................2, 3, 4, 8

Fed. R. Civ. P. 9(b) ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................................................2

Fed. R. Civ. P. 72(b) ......................................................................................................2

L. Mag. R. 4(b) ............................................................................................................2

Pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72, and Local Magistrate Rule 4(b), Plaintiff Epson America, Inc. (**"Epson"**) submits the following objections to the Report and Recommendation (the "**Report**") [ECF No. 50] in which the Honorable Bruce E. Reinhart recommended that Defendant Safe Space Scan Technology LLC d/b/a AWOL Vision's ("**AWOL**") Motion to Dismiss [ECF No. 33] be granted.

## INTRODUCTION

Both counts of Epson's Verified Complaint concern AWOL's false advertising of the brightness of its projectors. Epson alleges with specificity (including with screen grabs taken directly from AWOL's product listings on various websites) that AWOL purposefully inflates the lumen value of its 4K 3D Triple Laser Projector LTV-2500 (the "**LTV-2500**") and 4K 3D Triple Laser Projector LTV-3000 Pro (the "**LTV-3000**") to unsuspecting customers.

The sole question presented in this objection is whether Epson's verified complaint puts AWOL on notice of the claims asserted against it. The Report ruled that it did not. *See* Report at 11 ("Said another way, the Complaint does not sufficiently put AWOL on notice of the precise misconduct with which it is charged. Therefore, Epson's claim under the Lanham Act should be dismissed." (internal citation omitted)).

Epson respectfully submits that its Verified Complaint undoubtedly puts AWOL on notice of the claims submitted against it. Epson's allegations set forth "who" engaged in the misconduct (AWOL); "what" the alleged misconduct entailed (advertisements stating that AWOL's LTV-2500 projector has a brightness level of 2600 lumens or 2600 "peak lumens" and that AWOL's LTV-3000 projector has a brightness level of 3000 lumens or 3000 "peak lumens," verified to be false by Epson's independent testing); "when" the conduct occurred (from the time of the filing of the Verified Complaint on May 6, 2024, and continuing to this day); "where" the false advertisements can be found (on various websites, including awolvision.com, Amazon.com, and

Walmart.com); and "why" AWOL engaged in the alleged misconduct (to deceive customers into purchasing a projector with performance specifications lower than advertised and gain an unfair advantage and market share). *See generally* Compl. Indeed, at least four federal court judges considering similar allegations of projectors advertised with inflated lumen values have ruled such allegations state a claim upon which relief can be granted.

Accordingly, Epson objects to the Report's outlier conclusion that Epson's Verified Complaint fails to state a claim upon which relief may be granted and asks that this Court deny the motion to dismiss.

## LEGAL STANDARD

For recommendations on dispositive motions, a court must "make a *de novo* determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the [M]agistrate [J]udge's disposition that has been properly objected to."). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). After conducting an independent consideration of the dispositive motion, the Court "may accept, reject, or modify" the Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C).

A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231–32 (11th Cir. 2000) (citations omitted). In determining whether a party has stated a claim, the court must take all well-pled allegations as true and construe them in the light most favorable to the plaintiff; the allegations "must be read to include any theory on which the plaintiff may recover." *Itamar Med., Ltd. v. Ectosense NV*, No. 20-60719, 2021 WL 12095119, at *7 (S.D. Fla. Dec. 29, 2021); *see also*

2

*TocMail Inc. v. Microsoft Corp.*, No. 20-60416, 2020 WL 9210739, at \*1 (S.D. Fla. Nov. 6, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("[A] well-pled complaint survives a motion to dismiss 'even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely.'")).

**ARGUMENT**

**A.     Epson's Lanham Act claim is not subject to a heightened pleading standard.**

As the Report acknowledges, the Eleventh Circuit has not offered guidance as to whether Federal Rule of Civil Procedure 9(b) heightened particularity pleading standard applies to claims brought for violations of the Lanham Act, and other Florida District Courts have declined to apply that standard to Lanham Act claims on motions to dismiss. To support its holding that Rule 9(b) does in fact apply, the Report cites a single decision by Judge Bruce E. Reinhart that goes against "the weight of authority" in the Eleventh Circuit. *Incarcerated Ent., LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1226 (M.D. Fla. 2017) ("In the Eleventh Circuit, the weight of authority holds that a Lanham Act claim for false advertising and a state-law claim for unfair competition need not be pleaded with specificity."). The weight of authority here in the Southern District similarly cuts against this holding. *See, e.g.*, *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, No. 20-24681, 2021 WL 3552175, \*7 (S.D. Fla. Aug. 11, 2021) ("[C]ourts in this Circuit tend to apply Rule 8 when addressing motions to dismiss claims under the Lanham Act.") (Scola, J.); *de Cortes v. Brickell Inv. Realty, LLC*, 546 F. Supp. 3d 1332, 1341 (S.D. Fla. July 1, 2021) (Altonaga, J.); *Thermolife Int'l LLC v. Vital Pharm. Inc.*, No. 19-cv-61380, 2019 WL 4954622, at \*3 (S.D. Fla. Oct. 8, 2019) (declining to apply Rule 9(b) to Lanham Act claims absent instruction from the Eleventh Circuit to do so) (Bloom, J.); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-CIV-80352, 2016 WL 4254257, at \*2 (S.D. Fla. Feb. 16, 2016) (Bloom, J.)

3

("Absent instruction from this Court's governing Circuit or, at a minimum, persuasive guidance from its sister districts, the Court declines to expand Rule 9(b)").

This Court should grant Epson's objection to this ruling and decline to expand the application of Rule 9(b) to the Lanham Act. However, although Epson's claims are not subject to Rule 9(b), the allegations contained within the Verified Complaint are pled with the requisite specificity to meet both Rule 8's short, plain statement requirement as well as the Rule 9(b) heightened standard.

**B.     Epson's Lanham Act and FDUTPA claims are well pled under any standard.**

Under either pleading standard, there should be no concern here that Epson has not "put AWOL on notice of the precise misconduct with which it is charged," thus subjecting AWOL to "spurious charges of immoral and fraudulent behavior." *C.f.* Report at 11 (citing *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (cleaned up)). While Rule 9(b) requires a plaintiff to plead with a heightened level of precision that "offer[s] more than mere conjecture," it is still a practical standard that does not require the plaintiff to set forth its entire case from the outset. *USA Nutraceuticals*, 2016 WL 4254257, at \*2 (quoting *U.S. ex rel. Clausen v. Lab'y Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002)).

In its Verified Complaint, Epson has provided much more than "naked assertions devoid of further factual enhancement, which are not entitled the assumption of truth." Report at 10 (citing *Twombly*, 550 U.S. at 555). Indeed, in this false advertising case, Epson has put AWOL on notice of exactly the advertisements at issue and why they are alleged to be false. Epson satisfies the pleading requirement by alleging (1) the exact statements AWOL made, (2) the place they were made and who made them, (3) the substance of the statement and how it misled consumers, and (4) AWOL's gain due to the alleged fraud. *Id.* at 6 (citing *Noveshen v. Bridgewater Assocs., LP*, 47 F. Supp. 3d 1367, 1374 (S.D. Fla. 2014)).

4

Beyond making allegations that AWOL's advertisements include grossly inflated lumen claims, Epson included in its Verified Complaint *seventeen separate screenshots of the advertisements at issue* demonstrating precisely numerous examples of AWOL's misconduct. *See* Compl. ¶¶ 23–29. Epson went even further, marking with boxes and/or arrows the specific portions of each advertisement Epson claims to be false and/or misleading. *Id.* Epson included images from AWOL's website, (¶¶ 24, 28), its Amazon storefront (¶¶ 23, 25, 27), and its Walmart shop (¶¶ 26, 29) in which AWOL prominently displays a "brightness" of "2600 lumen" or "2600 Peak Lumens" for its LTV-2500 projector and "3000 lumen" or "3000 Peak Lumens" for the LTV-3000 model. Epson has alleged with particularity that AWOL made these statements, where the statements were made, and the fact that they remain published publicly online today, satisfying the first three prongs of the Rule 9(b) standard as set forth in *Noveshen*.

Epson also alleged that the substance of AWOL's "brightness" claims is false. Epson's Verified Complaint stated clearly and unambiguously that "Epson tested the brightness of several of Defendant's LTV-2500 and LTV-3000 projectors. Of the AWOL projectors tested by Epson, each projector tested significantly below its advertised brightness value." *Id.* ¶ 34. While the Report held that Epson is required to, in its opening pleading, provide additional description of how the testing was conducted and the exact resulting values, there is no such legal requirement. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197–98 (11th Cir. 2018) (plaintiff's assertion that defendant's advertisement of total grams of protein in its product was "a specific assertion about physical and chemical fact that is either true or false, no matter what legal conclusions it may or may not support," and theory of consumer deception, based on the "reasonable consumer," was plausible); *see also N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522

F.3d 1211, 1225 n.12 (11th Cir. 2008) (explaining that whether a statement is literally false is a finding of *fact*).

Epson's statement—verified under penalty of perjury—that it has conducted testing of AWOL's projectors and that said testing produced results demonstrating that AWOL's advertisements falsely inflate the lumen output of the machines is more than enough to give AWOL "fair notice of the nature of [Epson's] claim," thus satisfying Rule 9(b). *de Cortees*, 546 F. Supp. 3d at 1341. AWOL is entitled to request copies of the testing as part of the discovery process (though they are presently a part of the docket filed as part of Epson's motion for preliminary injunction [ECF No. 9-1][1]) and to attempt to combat Epson's results with its own testing. However, for the purposes of stating a claim upon which relief can be granted, Epson has gone above speculation or assumptions, and it has conducted scientific tests to prove falsity.

As to how the inaccurate lumen values mislead customers, the Eleventh Circuit makes clear that in cases of literal falsity, customer confusion is legally presumed. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) ("[O]nce a court deems an advertisement to be literally false, the movant need not present evidence of consumer deception."). Moreover, the Eleventh Circuit has held that a plaintiff may plead the "materiality" or "why" element by simply alleging that "the defendants misrepresented an inherent quality or characteristic of the product." *Id.* at 1250 (quoting *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997)). There is no doubt that Epson has alleged that AWOL misrepresented an inherent quality and characteristic of a projector—in fact, it alleged that this characteristic is

---

[1] As is detailed in the preliminary injunction papers [ECF No. 34], AWOL reviewed copies of the reports before the Verified Complaint was filed, and was again provided notice of the reports in the Verified Complaint, and copies with the preliminary injunction motion. The reports detail thorough testing conducted by an independent laboratory according to the internationally accepted standard and method for measurement of light output in lumens (ISO 21118).

the most important specification to purchasers. Compl. ¶ 13. Binding precedent requires nothing more from Epson at this stage.

Even if more meat on the bone were required (it is not), Epson alleged numerous times in its Verified Complaint the importance of "brightness" values to individuals shopping in the projector marketplace: A higher lumen output is generally considered to provide a superior projector experience. Compl. ¶¶ 11–16, 30–33, 37. Epson further demonstrated how AWOL's false advertisements have caused (and will continue to cause) confusion in the marketplace, providing a screenshot of a specific customer review titled "Not bright for a 3K (Laser), short distance projector" (referring to the advertised 3000-lumen output), which comments on the product's inadequate, "disappointing" brightness and "lackluster lumens." *Id.* ¶¶ 35–36. Epson provided numerous factual allegations describing how AWOL's false advertising is damaging not only to Epson and its goodwill as a competitor of AWOL and leading manufacturer in the industry, but also to the entire consumer projector marketplace. *Id.* ¶¶ 38–42. AWOL's misrepresentations are designed to entice consumers to purchase AWOL projectors over Epson's products. *Id.* Epson has alleged that the natural, probable, and foreseeable result of AWOL's wrongful conduct is confusion, deception, and mistake in the consumer projector marketplace as a whole. *Id.* ¶ 39. After having a poor experience with AWOL's projector with an improperly inflated lumen value of "3000 lumen," the consuming public is less likely to purchase another projector at that same lumen rating, as consumers will be unaware that AWOL's "3000 lumen" projector is not representative of the performance of a true 3000-lumen projector. *Id.* ¶ 40. Given the poor brightness of the projector, a consumer will likely purchase a TV rather than a projector, harming Epson and its competitors. *Id.*

Until discovery can be conducted, Epson cannot state with certainty that "AWOL's wrongful conduct has resulted in increased sales and market share of AWOL's projectors." *Id.* ¶ 41. Information about AWOL's sales and market share are not within Epson's knowledge or control at this stage, and Epson is permitted to plead such facts upon information and belief. *See USA Neutracuticals*, 2016 WL 4254257 at *4 (citing *Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003)); *see also Humana Pharmacy Sols., Inc.*, *v. Michelin*, No. 20-81361, ECF No. 105, at *12–13 (S.D. Fla. June 15, 2021) (finding that allegations made on "information and belief" are appropriate where, in the context of the full complaint, those allegations "are either not crucial to the underlying allegations or refer to information that is peculiarly within Defendants' control.").

To be clear, Epson has more than satisfied either pleading standard. Epson's allegations clearly answer the "who, what, when, where, and why" of AWOL's false advertisements inflating its projectors' lumen values. *See generally* Compl.; *see also de Cortes*, 546 F. Supp. 3d at 1341 (Lanham Act claim satisfied both Rule 8 and Rule 9(b) pleading standards where the court could answer the who, what, when, where, and why with plaintiff's allegations). It would be beyond the pale to rule that Epson has not put AWOL on notice of precisely the claims asserted against it.

**C.     This Court should, as several others have when considering nearly identical allegations, find that Epson has stated a viable claim.**

As noted above, this Report is an outlier. At least four federal judges across multiple districts have considered similar claims under the Lanham Act and state law brought by Epson against other offenders in the industry and found them to be plausible. In fact, various U.S. District Courts have, as recently as this year, when considering nearly identical allegations to those in the Verified Complaint, granted preliminary injunctive relief and awarded default judgments. *See Epson Am., Inc. v. Sunvalleytek Int'l, Inc.*, No. 8:23-cv-00735, 2024 WL 2104600 at *4 (C.D. Cal.

8

Apr. 22, 2024) ("Taken as true at the stage of an application for default judgment, Epson's allegations sufficiently state a claim for false advertising under the Lanham Act … Epson establishes that Sunvalleytek's advertisements are literally false when advertising projectors with inflated and incorrect light outputs."); *Epson Am., Inc. v. AuKing,* No. 1:23-113670, 2023 WL 11700166 (D. Mass. Jan. 3, 2024) (granting default judgment ); *Epson Am., Inc. v. Shenzhen Rongchuang Youpin Elec. Com. Co., Ltd.*, 1:24-cv-10563 (D. Mass. June 28, 2024) (granting default judgment and injunction preventing falsely advertising the light output of defendant's projectors after allegations of the complaint were taken as true); *Epson Am., Inc. v. Yowhick*, No. 1:23cv11395 (D. Mass. April 25, 2024) (same); *Epson Am., Inc. v. USA111, Inc.*, 259 F. Supp. 3d 387, 391 (D.S.C. 2017) (granting Epson's request for preliminary injunction against projector competitor that falsely advertised/overinflated the light output of its projectors).

As in those cases, Epson has established a valid claim for false advertising under the Lanham Act. As set forth in its opposition to the motion to dismiss, Epson's false advertising cause of action satisfied the required elements. *See* ECF No. 44 at 11–16. Notably, the Report does not find otherwise, only addressing whether the allegations properly alleged fraud under the Rule 9(b) standard.

As is required to state a claim for false advertising under the Lanham Act, Epson has alleged that: "(1) [AWOL's] advertisements were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented [goods or] service[s] affect[] interstate commerce; and (5) [Epson] has been, or likely will be, injured as a result of the false or misleading advertisement." *Bluegreen Vacations*, 2021 WL 3552175, at \*8 (citing *Sovereign Mil. Hospitaller Ord. v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279, 1294 (11th Cir. 2012)). To state a false

advertising claim under FDUTPA, a plaintiff must plead three elements: "(1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) damages." *USA Nutraceuticals*, 2016 WL 4254257, at \*3. The Lanham Act and FDUTPA claims rise and fall together. *See, e.g.*, *Nat. Answers v. Smithkline Beecham*, 529 F.3d 1325, 1333 (11th Cir. 2008) ("[A] claim for a violation of [FDUTPA] rises or falls on the success of its trademark infringement and false advertising claims.")

Epson has set forth allegations specifying AWOL's false statements and where they remain publicly posted online on multiple websites. Compl. ¶¶ 23–29. Epson has gone beyond mere allegations of literal falsity, performing its own tests, the results of which contradict AWOL's advertisements. *Id.* ¶ 34. And although not required (given the literal falsity), Epson has also alleged that the marketplace is confused by AWOL's artificially inflated lumen values. *Id.* ¶ 35–38. It has explained how the lumen output and "brightness" of a projector is the key characteristic (balanced with cost) used by consumers in deciding which projector to purchase, and how inflating that value would unfairly advantage AWOL and harm its competitors, including Epson. *Id.* ¶¶ 12–16, 30–33, 37. Beyond the materiality of these claims in the community as a whole, Epson has alleged the obvious import AWOL places upon this measurement to potential customers, as it displays its (false) lumen value in multiple places in each advertisement, including the title of the product, the product description, and additional images on each listing. *Id.* ¶¶ 23–29. Finally, Epson sufficiently pleads allegations relating to its injury, including that the AWOL's false advertisements are designed to entice consumers to purchase AWOL's products over Epson products and that the natural, probable, and foreseeable result of these false advertisements is that it will cause confusion, deception, and mistakes in the projector marketplace as a whole. *Id.* ¶¶ 37–39, 40–42. Epson's factual allegations, especially as taken together in the light most

favorable to Epson, make it more than plausible that AWOL's false advertisements negatively impact Epson's sales, reputation, and goodwill among projector purchasers.

Simply put: Epson has once again properly pled the elements of its false advertising claim. Under any appropriate standard of review, AWOL's conduct as pled in the Verified Complaint violates federal and Florida law.

## CONCLUSION

When the Court reviews the Verified Complaint, it will be clear that Epson has more than sufficiently alleged causes of action against AWOL for unfair competition under federal and state law. AWOL is certainly more than on notice of the precise misconduct with which Epson takes issue and will be sufficiently informed to prepare a responsive pleading. Epson respectfully requests that this Court sustain its objections to the Report, deny AWOL's motion to dismiss as to both counts in its Verified Complaint, and allow the case to proceed to the merits.

Dated: September 27, 2024

*/s/ Mallory Cooney*
MALLORY COONEY
Florida Bar No. 125659
mallory.cooney@klgates.com
K&L GATES LLP
200 S Biscayne Boulevard, Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300

Morgan T. Nickerson (Pro Hac Vice)
morgan.nickerson@klgates.com
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100

*Counsel for Plaintiff Epson America, Inc.*

11

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served via CM/ECF on all counsel of record on this 27th day of September 2024.

*/s/Mallory Cooney*
Mallory Cooney
